IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK L. MONROE, #28380-177 | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-2546-G-BK |
| | § | (3:02-CR-126-N-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. For the reasons that follow, it is recommended that this action be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty to possession of a firearm by a felon and was sentenced to 180 months' imprisonment and a five-year term of supervised release. *United States v. Monroe*, 3:02-CR-126-G-1 (N.D. Tex. Mar. 5, 2003). On July 2, 2013, more than ten years after he was convicted, Petitioner filed this section 2255 motion, challenging the enhancement of his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). (Doc. 2 at 5-16). Relying on the Supreme Court's recent decisions in *Alleyne v. United States*, ––– U.S. –––, 133 S. Ct. 2151 (Jun. 17, 2013), *Descamps v. United States*, ––– U.S. –––, 133 S. Ct. 2276 (Jun. 20, 2013), and *McQuiggin v. Perkins*, ––– U.S. –––, 133 S. Ct. 1924, 1928 (May 28, 2013), he asserts that he is actually innocent of the ACCA enhancement. (Doc. 2 at 4). Specifically, he contends that his state convictions were consolidated pursuant to a state plea agreement and, thus, he should have only one prior conviction and sentence instead of the three listed in the Presentence Investigation Report (PSR). (Doc. 2 at 8).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2255(f); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2255). Pursuant to Court order, Petitioner has responded regarding the applicability of the one-year statute of limitations. (Doc. 5).[1]

Under section 2255(f)(3), the one-year limitations period is calculated from "the date on which the right asserted was initially recognized by the Supreme Court." *See Dodd v. United States*, 545 U.S. 353, 358-359 (2005) (holding that if the Supreme Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from the Supreme Court's decision within which to file his motion to vacate). However, section 2255(f)(3) applies only if the right has been (1) "newly recognized by the Supreme Court" and (2) made retroactively applicable to cases on collateral review." *Id.* at 358. The retroactivity determination can be made by the Supreme Court as well as a lower court. *See United States v. Lopez*, 248 F.3d 427, 431-32 (5th Cir. 2001) (holding that had Congress intended the retroactivity determination under section 2255(f)(3) to be limited to the Supreme Court, the statute would have explicitly provided so).

Relying on § 2255(f)(3), Petitioner asserts the one-year of limitations period did not commence until June 2013, when the Supreme Court announced its decisions in *Alleyne* and

---

[1] Sections 2255(f)(1)-(2) and (4) are inapplicable here, as Petitioner does not base his limitations argument on the finality of his conviction, a government created impediment, or the date on which the facts supporting his claim could have been discovered.

*Descamps*. In *Alleyne,* the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. 133 S. Ct. at 2155. *Descamps*, on the other end, clarified the test used in *Taylor v. United States*, 495 U.S. 475 (1990), and *Shepard v. United States,* 544 U.S. 13 (2005), to determine if a prior conviction constitutes a violent felony under the ACCA. *Descamps,* 133 S. Ct. at 2281-82 (holding the modified categorical approach is only appropriate for divisible statutes that set forth several offenses with discrete elements).

The Supreme Court, however, resolved *Alleyne* and *Descamps* on direct, rather than collateral review, and it did not declare that either of the new rules applied retroactively on collateral attack. *See Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013) (Supreme Court did not declare *Alleyne* retroactively applicable on collateral review); *Reed v. United States,* 8:13-CV-2401-T-24, 2013 WL 5567703 (M.D. Fla. Oct. 9, 2013) (a district court holding the same as to *Descamps*). Indeed, "*Alleyne* is an extension of *Apprendi v. New Jersey,* 530 U.S. 466 (2000)," and the Supreme Court has previously "decided that other rules based on *Apprendi* do not apply retroactively on collateral review." *Simpson,* 721 F.3d at 876 (citing *Schriro v. Summerlin,* 542 U.S. 348 (2004)). Likewise, *Descamps* re-affirmed the Supreme Court's decision in *Shepard*, which has not been found to be retroactively applicable. *See United States v. Pettiford*, 612 F.3d 270, 279 (4th Cir. 2010) (collecting cases finding *Shepard* not retroactively applicable on collateral review).

Moreover, a new rule of constitutional procedure decided after a defendant's conviction becomes final generally may not be applied to that defendant's case on collateral review. *Teague v. Lane,* 489 U.S. 288, 310-311 (1989). While there are two exceptions to *Teague*, neither *Alleyne* nor *Descamps* fall within them. *See Schriro,* 542 U.S. at 351-352 (summarizing

*Teague*'s non-retroactivity rule).  Moreover, neither *Alleyne* and *Descamps* announced a new "substantive" rule, namely a rule that places any individual conduct beyond the power of the United States to punish, or that prohibits the imposition of any type of punishment.  *Id*. at 352. In addition, neither of the rules announced in *Alleyne* and *Descamps* qualifies as a "watershed rule of criminal procedure, implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* (internal quotation marks and citations omitted).  Therefore, *Alleyne* and *Descamps* do not apply retroactively.  *See Simpson,* 721 F.3d at 876 (holding that, in the context of a successive collateral attack, *Alleyne*'s new rule is not likely to be found retroactively applicable by the Supreme Court); In re Payne, --- F.3d ---, 2013 WL 5200425 (10th Cir. Sep. 17, 2013) (same).

Because the Court concludes that *Alleyne* and *Descamps* do not apply retroactively on collateral review, section 2255(f)(3) is inapplicable here, and Petitioner's section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling.

Although the Court gave Petitioner an opportunity to present arguments in support of equitable tolling, his response is silent.  (Doc. 5).  Nevertheless, even liberally construing his pleadings to raise equitable tolling, his request is unavailing.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing").  This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling.  Unexplained delays do not evince due diligence or rare and extraordinary circumstances.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *see also Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for

equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief."). In addition, neither unfamiliarity with the law nor *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. See *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).

Lastly, Petitioner claims that he is actually innocent of the enhanced sentence under the ACCA. (Doc. 2 at 4; Doc. 5 at 2). Insofar as he maintains that his motion is timely because he is actually innocent, his claim has no merit. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins,* --- U.S.---, 133 S. Ct. 1924, 1928 (2013). However, the Supreme Court has applied the actual innocence exception only when the petitioner is actually innocent of the crime of conviction or of the *capital* sentence. See *Dretke v. Haley*, 541 U.S. 386, 388 (2004).

Even assuming actual innocence applies in the context of a non-capital sentence, *see Haley v. Cockrell*, 325 F.3d 569, 569 n. 1 (5th Cir. 2003),[2] Petitioner's argument that he is actually innocent of the enhanced sentence under the ACCA has no merit. "[F]or the actual innocence exception to apply in the noncapital sentencing context, a movant must show that he is factually innocent of the conduct or underlying crime that serves as the predicate for the enhanced sentence." *McKay v. United States*, 657 F.3d 1190, 1198–99 (11th Cir. 2011). Here, Petitioner only claims a legal error, in that the PSR improperly counted his prior state

---

[2] Some circuits have extended the exception to non-capital sentencing error, while others have limited it to capital sentences. Damon v. United States, --- F.3d ---, 2013 WL 5483856 *3 n.4 (1st Cir. Oct. 3, 2013) (collecting cases). Others have assumed without deciding that the actual innocence exception extends to non-constitutional Guideline errors in non-capital sentencing. *Id.;* McKay, 657 F.3d at 1198.

convictions.  (Doc. 2 at 8-10; Doc. 5 at 5).  Petitioner does not suggest, much less offer any evidence, that he did not actually commit the state burglary offenses in question.  (Doc. 2 at 10).  Therefore, Petitioner cannot claim that he is factually innocent of the predicate offense used to enhance his sentence under the ACCA.  *See, e.g.* Damon, --- F.3d at ---, 2013 WL 5483856 at *4 (finding Petitioner could not meet actual innocence exception because he did not show he was factually innocent of the underlying crime that qualified as a crime of violence); *McKay*, 657 F.3d at 1199 (declining to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence).

Accordingly, the Court concludes that Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case.  *See Petty*, 530 F.3d at 365.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.

SIGNED October 23, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE